UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Blue-Grace Logistics LLC,

    Plaintiff,

    v.                                    Case No: 8:21-cv-58-MSS-JSS

David Fahey,

    Defendant.
_____/

## DEFENDANT DAVID FAHEY'S ANSWER, AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL

Defendant Fahey (*"Fahey"*), pursuant to Fed. R. Civ. P. 8, hereby files the following Answer, Affirmative Defenses, and Demand for Jury Trial to Plaintiff Blue-Grace Logistics LLC's (*"Blue-Grace"*) Complaint. Fahey denies each and every allegation contained in the Complaint unless hereafter specifically admitted, qualified or otherwise answered.

### JURISDICTION, PARTIES, AND VENUE

1.    Fahey admits that Blue-Grace seeks injunctive relief and damages in excess of $30,000 in its Complaint but denies that it is entitled to any such relief or damages. Fahey states that the Action has been removed to Federal Court, where the Court has diversity jurisdiction, and therefore denies the remaining allegations of Paragraph 1.

2. Fahey denies that Florida State Court, Hillsborough County, has personal jurisdiction over Fahey. Fahey further denies that the Middle District of Florida has personal jurisdiction over Fahey.

    a. Fahey admits that he signed the Employment Agreement but denies that the provision quoted in the Complaint confers any Florida state court or federal court with personal jurisdiction of Fahey.

    b. Fahey admits only that he has travelled to Florida only three times in connection with his employment at Blue-Grace over the entire course of his employment for Blue-Grace. Fahey denies the remaining allegation of Paragraph 2.b.

    c. Fahey admits only that he travelled to Florida for a brief training on Blue-Grace's systems at the beginning of his employment with Blue-Grace. Fahey denies the remaining allegation of Paragraph 2.c.

    d. Fahey denies the allegations of Paragraph 2.d.

    e. Fahey admits only that he was employed by Blue-Grace. Fahey denies the remaining allegations of Paragraph 2.e.

    f. Fahey admits only that he was employed by Blue-Grace. Fahey denies the remaining allegations of Paragraph 2.f.

   g. Fahey admits only that he communicated with other Blue-Grace employees while employed at Blue-Grace. Fahey denies the remaining allegations of Paragraph 2.g.

   h. Fahey admits only that he was employed by Blue-Grace. Fahey denies the remaining allegations of Paragraph 2.h.

   i. Fahey admits only that he received insurance through Blue-Grace. Fahey denies the remaining allegations of Paragraph 2.i.

   j. Fahey denies the allegations of Paragraph 2.j.

   k. Fahey denies the allegations of Paragraph 2.k.

 3. Upon information and belief, Fahey admits the allegations of Paragraph 3.

 4. Fahey admits the allegations of Paragraph 4.

 5. Paragraph 5 contains legal assertions to which no response is required. To the extent a response is required, Fahey denies the allegations of Paragraph 5. Specifically, Fahey denies that venue is proper in Hillsborough County, Florida, that the employment agreement sets forth that venue is proper in Hillsborough County, Florida, and that the cause of action accrued in Hillsborough County, Florida.

## OPERATIVE FACTS

6. Fahey lacks sufficient information or knowledge to admit or deny the allegations of Paragraph 6 regarding Blue-Grace's business and therefore denies the same.

7. Fahey admits only that he signed an employment agreement with Blue-Grace Logistics, LLC on or around August 28, 2017. The agreement speaks for itself.

8. Fahey admits only that he signed an employment agreement with Blue-Grace Logistics, LLC on or around August 28, 2017. The agreement speaks for itself. Fahey denies the remaining allegations of Paragraph 8.

9. Fahey admits only that he signed an employment agreement with Blue-Grace Logistics, LLC on or around August 28, 2017. The agreement speaks for itself.

10. Fahey admits the allegations of Paragraph 10.

11. Fahey admits only that he accepted employment with Traffic Tech, Inc. Fahey denies the remaining allegations of Paragraph 11.

12. Fahey is without information or knowledge to admit or deny the allegations of Paragraph 12 relating to Blue-Grace's counsel and therefore denies the same. Fahey denies that Blue-Grace is entitled to costs and fees incurred in this action pursuant to Fl. Stat. § 542.335(k) or the employment agreement.

13. Fahey is without information or knowledge to admit or deny the allegations of Paragraph 13 and therefore denies the same.

## COUNT I
### (BREACH OF CONTRACT/INJUNCTIVE RELIEF)

14. Fahey restates and realleges all answers to paragraphs 1-13 above and incorporate by reference said answers as though fully stated herein.

15. Fahey admits only that he signed an employment agreement with Blue-Grace Logistics, LLC. The agreement speaks for itself.

16. Fahey admits only that he signed an employment agreement with Blue-Grace Logistics, LLC. The agreement speaks for itself.

17. Fahey admits only that he signed an employment agreement with Blue-Grace Logistics, LLC. The agreement speaks for itself. Fahey denies all remaining allegations of Paragraph 17. Fahey specifically denies that the restrictive covenant in the employment agreement is reasonable.

18. Fahey denies the allegations of Paragraph 18.

19. Fahey denies the allegations of Paragraph 19.

20. Fahey denies the allegations of Paragraph 20.

21. Fahey denies the allegations of Paragraph 21.

22. Fahey denies the allegations of Paragraph 22.

23. Fahey denies the allegations of Paragraph 23.

Fahey denies that Blue-Grace is entitled to any of the injunctive relief, temporary or permanent, that it requests in its Complaint.

## COUNT II
## (BREACH OF CONTRACT/DAMAGES)

24. Fahey restates and realleges all answers to paragraphs 1-13 above and incorporate by reference said answers as though fully stated herein.

25. Fahey admits only that he signed an employment agreement with Blue-Grace Logistics, LLC. The agreement speaks for itself.

26. Fahey denies the allegations of Paragraph 26.

27. Fahey denies the allegations of Paragraph 27.

Fahey denies that Blue-Grace is entitled to damages, costs, interests, or any such further relief from the Court.

## AFFIRMATIVE DEFENSES

Fahey, for his affirmative defenses to Blue-Grace's Complaint, states and alleges the following and reserves the right to assert additional defenses that may become apparent during the course of investigation and/or discovery, and reserves the right to amend this Answer and assert any such affirmative defenses:

1. Blue-Grace's Complaint, in whole or in part, is barred or limited because the Court lacks personal jurisdiction over Fahey, and/or the venue is improper.

2. The Complaint fails to state a claim, in whole or in part, upon which relief can be granted.

3. The Complaint should be dismissed, in whole or in part, under the doctrine of forum non conveniens.

4. Blue-Grace's Complaint is barred or limited because any purported contractual obligations in the Complaint are barred or limited by one or more of the following doctrines: denial of performance or occurrence of conditions precedent, failure of considerations, lack of mutuality, rescission, public policy, duress, illegality, and/or unconscionability.

5. Blue-Grace's Complaint is barred or limited by the doctrines of estoppel, fraud, waiver, consent, unclean hands and/or in pari delicto.

6. Blue-Grace failed to mitigate its damages, if any.

7. The restrictive covenants are void and unenforceable because they are not supported by a legitimate business and are not reasonably necessary to protect any legitimate business interest asserted by Blue-Grace.

8. The restrictive covenants are void and unenforceable because they are overbroad, overlong, and otherwise not reasonably necessary to protect any alleged legitimate business interest of Blue-Graces.

9. In the alternative, the restrictive covenants may be modified and/or blue-penciled.

10. Blue-Grace's claims fail under Florida and/or Illinois law.

11. Any damages sustained by Blue-Grace, as alleged in the Complaint, were caused or contributed to by its own actions or inaction.

12. To the extent that Blue-Grace has suffered harm, injury or damages, Fahey is neither the direct nor the proximate cause of that harm or injury, or those damages.

13. As a separate and alternative affirmative defense to Blue-Grace's Complaint, Fahey alleges that the claims contained in the Complaint may be barred by any and all of the affirmative defenses contemplated by Rules 8 and/or 12 of the Federal Rules of Civil Procedure, which are incorporated herein.

## PRAYER FOR RELIEF

**WHEREFORE**, having stated his answer and affirmative defenses, Fahey prays for relief as follows:

1. That this lawsuit be dismissed with prejudice;

2. That the Court award Fahey his costs, disbursements, and attorneys' fees incurred in this action; and

3. For such other and further relief as this Court deems just and proper.

## JURY DEMAND

Fahey demands a trial by jury for all issues so triable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 22, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

>/s/ Beatriz McConnell
>BEATRIZ McCONNELL
>Florida Bar No.: 42119
>Primary: bmcconnell@eflegal.com
>Secondary: tdillon@eflegal.com
>ENGLANDER FISCHER
>721 First Ave. North
>St. Petersburg, Florida 33701
>Telephone:  (727)898-7210
>Facsimile:  (727)898-7218
>
>**Attorneys for Defendant David Fahey**