## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**BLUE-GRACE GROUP LLC,**
**a Florida limited liability company,**

     **Plaintiff,**

**v.**                                 **Case No: 8:21-cv-58-MSS-JSS**

**DAVID FAHEY, an individual,**

     **Defendant.**

_____

## <u>ORDER</u>

**THIS CAUSE** comes before the Court for consideration of Plaintiff's Motion for Remand, (Dkt. 15), and Defendant's response in opposition thereto. (Dkt. 21) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **GRANTS IN PART and DENIES IN PART** Plaintiff's Motion for Remand.

### I.   BACKGROUND

In December 2020, Blue-Grace Group LLC brought this action in Florida state court, alleging that David Fahey, a former employee, breached a non-compete agreement with Blue-Grace by accepting employment with a competitor. (Dkt. 10-2 at ¶¶ 9, 11, 18) Blue-Grace is a "transportation management and solutions company" that helps transportation businesses "streamline and consolidate their transportation needs." (<u>Id.</u> at ¶ 6) Blue-Grace entered into an Employment Agreement with Fahey in

August 2017, hiring him to work in "truckload procurement." (Id. at ¶¶ 7-8) On November 27, 2020, Fahey left Blue-Grace to work for Traffic Tech, Inc., a competitor of Blue-Grace. (Id. at ¶¶ 10-11)

Fahey's Employment Agreement contains a non-competition clause providing that, for a period of two years following termination of employment, Fahey "shall not . . . be employed by . . . any business engaged in the business of freight forwarding services or third-party freight and/or specialized freight logistics, transportation, consulting and/or shipping." (Dkt. 10-2, Ex. A at § 6) The Employment Agreement also forbids Fahey from disclosing any confidential information obtained in the course of his employment with Blue-Grace. (Id. at § 2)

Blue-Grace asserts two claims against Fahey based on his alleged violations of the Employment Agreement: breach of contract for injunctive relief, and breach of contract for damages. (Dkt. 10-2 at ¶¶ 14-27) Blue-Grace seeks an injunction (i) forbidding Fahey from competing with Blue-Grace "anywhere within the United States" for two years, (ii) barring Fahey from "soliciting or accepting business from current Blue-Grace customers and clients" for two years, and (iii) requiring Fahey to return any confidential information belonging to Blue-Grace. (Id. at ¶ 23) The Complaint does not specify the amount of damages sought, stating instead that "[t]his is an action for injunctive relief and damages that exceed $30,000.00." (Id. at ¶ 1) The Civil Cover Sheet filed in state court contains Blue-Grace's estimate that the claims in this action are worth between $30,001 and $50,000. (Dkt. 10-1 at 1)

Fahey removed this action to federal court in January 2021, asserting diversity jurisdiction between Blue-Grace, a limited liability company whose members reside in Florida, Nevada, and New York, and Fahey, an Illinois citizen. (Dkts. 1, 10) Fahey subsequently filed an Amended Notice of Removal. (Dkt. 10) There, Fahey contends that the amount-in-controversy requirement is met because (i) Blue-Grace seeks damages that "exceed $30,000," (ii) Fahey earned $175,000 per year at Blue-Grace, (iii) "this is a non-compete case involving two large logistic and shipping companies," (iv) the injunctive relief Blue-Grace seeks would "reduc[e] [ ] competition from Traffic Tech," and (v) Blue-Grace's attorneys' fees may be considered in determining the amount in controversy. (Id. at ¶ 17)

Blue-Grace moved to remand this action to state court, contending that Fahey has "failed to establish that the amount in controversy exceeds this Court's jurisdictional minimum." (Dkt. 15 at 2) Blue-Grace also seeks attorney's fees and costs incurred as a result of the allegedly improper removal. (Id. at 7-8)

## II.  STANDARD OF REVIEW

Federal courts are courts of limited subject matter jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citations omitted). Any civil case filed in state court may be removed by the defendant if the case could have been brought originally in federal court. 28 U.S.C. § 1441(a). A removing defendant bears the burden of proving the existence of federal jurisdiction. See Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). Removal statutes are to be construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are

resolved in favor of remand. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

When a removing defendant alleges diversity under 28 U.S.C. § 1332 as a basis for federal jurisdiction, it bears the burden of demonstrating that there is (1) complete diversity of citizenship and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). If the plaintiff has made an unspecified demand for damages in the state court complaint, the removing defendant bears the burden of establishing the jurisdictional amount by a preponderance of the evidence. Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061 (11th Cir. 2010) (citation omitted). The removing defendant may introduce affidavits, declarations, or other documentation to satisfy the preponderance of the evidence standard. Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010). The removing defendant is not required "to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." Id. However, a defendant may not rely on "conjecture, speculation, or star gazing" to demonstrate the requisite amount in controversy. Id.

In determining the jurisdictional amount, the court first starts with the complaint. Id. If the jurisdictional amount is not facially apparent from the complaint, the court then looks to the notice of removal and considers evidence relevant to the jurisdictional amount at the time the case was removed. Id. In considering the removal notice and evidence, the court is permitted to make reasonable deductions and inferences. See Roe, 613 F.3d at 1061-62. The court may use its judicial experience and common sense to determine whether the jurisdictional amount is present. Id.

- 4 -

## III.   DISCUSSION

### A. Remand

Because Blue-Grace "has not pled a specific amount of damages" in its Complaint, Fahey "must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." <u>Williams</u>, 269 F.3d at 1319. Fahey has failed to meet this burden. Remand is therefore required.

Fahey arrives at an amount in controversy in excess of $75,000 by adding together (i) the Civil Cover Sheet's "estimated amount of [ ] claim" of $30,001 to $50,000, (ii) the value of the injunctive relief Blue-Grace seeks, and (iii) Blue-Grace's anticipated attorney's fees. (Dkt. 21 at 8-9) As an initial matter, there is reason to doubt Fahey's assertion that the "estimated amount of [ ] claim" on the Civil Cover Sheet represents Blue-Grace's estimate of "the amount of monetary damages in controversy for the breach of contract alone." (<u>Id.</u> at 8) The Civil Cover Sheet requires a plaintiff to "indicate the estimated amount of the claim, rounded to the nearest dollar." (Dkt. 10-1 at 1) It does not state that this estimate is limited to damages. Thus, Blue-Grace's "estimated amount of [ ] claim" of $30,001 to $50,000 could be read to include both damages and the value of the injunctive relief it seeks. The Court nevertheless assumes, for purposes of this Order, that Blue-Grace seeks $50,000 in contract damages alone. Remand is still required because Fahey has failed to establish by a preponderance of the evidence that the value of the injunctive relief Blue-Grace seeks—along with the attorney's fees it incurred up to the time of removal—is sufficient to push this action over the $75,000 threshold.

"[F]or amount in controversy purposes, the value of injunctive or declaratory relief is the value of the object of the litigation measured from the plaintiff's perspective." S. Fla. Wellness, Inc. v. Allstate Ins. Co., 745 F.3d 1312, 1315-16 (11th Cir. 2014). "When a business is threatened . . . by breach of a covenant not to compete[,] the stated rule is that the amount in controversy in an action for injunctive or declaratory relief is the difference between the value of the business . . . with the covenant, and its value . . . subject to the breach of the covenant." Brand Energy Sols., LLC v. Rakocy, No. CV 16-13990, 2016 WL 7476221, at *3 (E.D. La. Dec. 29, 2016). "In cases dealing specifically with enforcement of non-compete agreements, district courts have assessed the value of the injuncti[ve] relief to plaintiffs by looking to the profits earned by the employer on business generated by the employee during the period immediately preceding his termination." Tracfone Wireless, Inc. v. Gulbranson, No. 06-21903-CIV, 2006 WL 8432734, at *2 (S.D. Fla. Sept. 18, 2006), adopted by 2006 WL 8432735 (S.D. Fla. Nov. 17, 2006).

Fahey has not pointed to any evidence quantifying the loss in profits to Blue-Grace from his decision to accept employment with Traffic Tech. For example, there is no evidence that, before he left Blue-Grace, Fahey generated business from clients that he subsequently took with him when he joined Traffic Tech. In lieu of such evidence, Fahey claims that his annual salary at Blue-Grace ($175,000) "indicat[es] that preventing his competition to retain customers has significant economic benefit to Blue-Grace." (Dkt. 21 at 10) This argument is unpersuasive. "The amount of [Fahey's] salary prior to his [departure] does not provide evidence of the amount of revenue

- 6 -

generated by [him] prior to his [departure] or the amount of revenue of which [Blue-Grace] is being deprived as a result of [Fahey's] alleged breach of the non-compete provision." Acuity Merch. Servs., LLC v. Grubbs, No. 1:06-CV-97, 2006 WL 8442095, at *3 (E.D. Tenn. July 20, 2006). Simply put, there is no evidence that would allow the Court to even estimate the value of the injunctive relief Blue-Grace seeks. "[W]ithout facts or specific allegations, the amount in controversy [can] be divined [only] by looking at the stars—only through speculation—and that is impermissible." Pretka, 608 F.3d at 753-54.

Fahey also attempts to meet the amount-in-controversy threshold by pointing to Blue-Grace's request for attorney's fees incurred in prosecuting this action. (Dkt. 21 at 10)[1] Fahey contends that, "[b]etween discovery, motion practice, and trial, $50,000 would be a conservative estimate of fees, and is certainly enough to carry the amount in controversy across the $75,000 threshold." (Id. at 11) This argument rests on the mistaken premise that, for amount-in-controversy purposes, the Court can consider not only attorney's fees incurred up to the time of removal, but also anticipated post-removal attorney's fees.

"[A]ttorney's fees . . . are generally excluded from the amount-in-controversy calculation." Meredith v. Dragomirecky, No. 3:08-CV-1195-J-34TEM, 2009 WL 10670310, at *2 (M.D. Fla. Feb. 5, 2009). But "where attorney's fees are provided for

---

[1] The Complaint "requests that this Court award [Blue-Grace] its costs and attorneys' fees incurred in this action." (Dkt. 10-2 at ¶ 12) Under the Employment Agreement, Fahey agreed "to pay any and all costs, legal expenses and attorneys' fees, paid or incurred by [Blue-Grace] in enforcing its rights herein." (Dkt. 10-2, Ex. A at § 14)

by statute or contract[,] they are properly included in the amount-in-controversy calculation." Id. "A few courts have included projected attorney's fees based on the expected cost of litigating a case through trial." Mavromatis v. Geovera Specialty Ins. Co., No. 8:18-CV-2146-T-60AEP, 2019 WL 3543707, at *2 (M.D. Fla. Aug. 5, 2019). These decisions "represent[ ] a minority view among the federal district courts in Florida." Id. "Instead, most courts have held that only attorney fees up to the time of removal are included in the amount in controversy." Id. This reflects "the general rule that in a removed case the amount in controversy is determined as of the time of removal." Iglesia La Nueva Jerusalem, Inc. v. Ohio Sec. Ins. Co., No. 618CV1813ORL28KRS, 2019 WL 479673, at *3 (M.D. Fla. Feb. 7, 2019). This Court follows the majority rule and holds that "the attorney's fees included in the amount-in-controversy calculation are set as of the date of removal." Bender v. GEICO Gen. Ins. Co., No. 8:17-CV-872-T-33TBM, 2017 WL 1372166, at *1 (M.D. Fla. Apr. 17, 2017).

Fahey provides no estimate of the attorney's fees Blue-Grace incurred prior to removal. Nor is there any evidence of the amount of such fees. Absent such evidence, the Court is left to speculate as to the attorney's fees that are properly included in the amount-in-controversy calculation. In any event, there appears to have been little activity in this case in the one month from its filing to its removal. The case was filed in state court on December 1, 2020 and removed on January 8, 2021. (Dkt. 1) The Complaint is seven pages long and contains only two pages of factual allegations. (Dkt. 10-2) Although Blue-Grace filed a motion for temporary injunction on the same day

it filed its Complaint, the motion is only six pages long and does not include any exhibits. (Dkt. 1-2) The state court did not decide or even hold a hearing on this motion. (Dkt. 1-3) Based on a review of the docket, no other activity took place in the state-court action. (Id.) Accordingly, there is no basis in the record to find that the attorney's fees Blue-Grace incurred up to the time of removal are sufficient to carry this action over the amount-in-controversy threshold.

In short, Fahey has failed to meet his burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. The Court thus lacks subject-matter jurisdiction over this action, and remand is required. Fahey may attempt to remove this action again if "a subsequent disclosure by [Blue-Grace in the state-court action] [reveals] that the stakes in the case exceed the jurisdictional amount." Jennings v. Powermatic, No. 3:14-CV-250-J-32JRK, 2014 WL 2003116, at *1 (M.D. Fla. May 15, 2014); see also 14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3739 (4th ed. 2021) ("[I]f subsequent pleadings, conduct by the parties, or various other circumstances bring a case that previously was not removable within the jurisdiction of the federal courts, a timely second notice of removal is permissible and may succeed.").

**B. Attorney's Fees and Costs**

Blue-Grace seeks an award of the attorney's fees and costs it incurred as a result of the improper removal. (Dkt. 15 at 7-8) Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). A

fee award under Section 1447(c) is appropriate "only where the removing party lacked an objectively reasonable basis for seeking removal." <u>Bauknight v. Monroe County</u>, 446 F.3d 1327, 1329 (11th Cir. 2006). "The reasonableness standard was ultimately the result of balancing the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." <u>Id.</u> Thus, "there is no indication that a trial court should ordinarily grant an award of attorney's fees whenever an effort to remove fails." <u>Moser v. Cincinnati Ins. Co.</u>, No. 8:14-CV-03121-CEH, 2015 WL 628961, at *3 (M.D. Fla. Feb. 12, 2015).

An award of attorney's fees and costs is not warranted here. Although Fahey ultimately failed to meet his burden of establishing that the amount-in-controversy requirement was met, the Court cannot conclude that he "lacked an objectively reasonable basis for seeking removal." <u>Bauknight</u>, 446 F.3d at 1329. Nor is there any evidence that Fahey removed this case for improper purposes, such as to delay the litigation. The Court thus declines to award attorney's fees and costs based on the improper removal.

## IV.  CONCLUSION

Upon consideration of the foregoing, it is hereby **ORDERED** as follows:

1. Plaintiff's Motion for Remand, (Dkt. 15), is **GRANTED IN PART and DENIED IN PART**.

2. The Clerk is **DIRECTED** to **REMAND** this case to the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.

3. Plaintiff's request for attorney's fees and costs incurred as a result of the improper removal is **DENIED**.

4. The Clerk is **DIRECTED** to **TERMINATE** any pending motions and **CLOSE** this case.

**DONE and ORDERED** at Tampa, Florida this 20th day of April 2021.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Any Unrepresented Party